BELL–WILEY CO. v. SCHEIER.

(Supreme Court, Appellate Term.  January 21, 1910.)

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Bell-Wiley Company against John H. Scheier. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Kelley & Connelly, for appellant.

John P. Everett, for respondent.

PER CURIAM.  Judgment affirmed, with costs.

DAYTON, J. (dissenting).  The burden was on defendant to establish fraud and want of consideration. There is testimony that he acknowledged his liability. His check for $25 and the three-months' note (which plaintiff told him would be discounted) strongly corroborate that acknowledgment. Further corroboration is found when he neither stopped the check nor the note. The former was paid; the latter went to protest and was taken up by plaintiff. Defendant raised no question of fraud nor failure of consideration until after issue was joined on verified pleadings. He was an experienced business man, who gave his check and note expressly for broker's commissions on a lease, and nearly seven months thereafter charges fraud. There is no pretense of recent discovery of facts on which to base that charge. Plaintiff's testimony and that of his witnesses on that point present no improbabilities, while it requires an excess of credulity to believe that a man like defendant would give his obligations and not seek their recovery if he had been defrauded as he now claims.

It seems to me that he failed to sustain by a preponderance of evidence this afterthought defense. The presumption of consideration for this note was not overcome, and plaintiff was entitled to recover. I vote for a reversal of the judgment, and a new trial, with costs to the appellant to abide the event.